**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **U.S. BANK NATIONAL ASSOCIATION,** *Plaintiff*, | § § § | |
| **v.** | § § | **MO:25-CV-00439-DC-RCG** |
| **DANNY IDOM, JR. and THE UNITED STATES OF AMERICA,** *Defendants*. | § § § § § | |

<u>**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**</u>

BEFORE THE COURT is Plaintiff U.S. Bank National Association's ("Plaintiff") Motion for Default Judgment. (Doc. 13).[1] This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** Plaintiff's Motion for Default Judgment be **GRANTED**. (Doc. 13).

## I.    BACKGROUND

This action was commenced in the County Court at Law 2, Ector County, Texas, on August 22, 2025, against Danny Idom, Jr. and the United States of America.[2] (Doc. 1-1). The action was removed to this Court on September 25, 2025. (Doc. 1).

The relevant factual allegations are as follows. On August 19, 2016, Danny Idom, Jr. ("Defendant") executed a Note in which he promised to pay the sum of $132,554.00, with interest. (Doc. 1-1 at 5). Plaintiff is the current owner and holder of the Note. *Id*. Subsequently, the Note was secured by a Deed of Trust executed by Defendant encumbering a piece of real

---

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

2. On January 12, 2026, the Court entered a Consent Order as to the United States of America. (Doc. 9).

property. *Id*. The property in question is commonly known as 2019 N Sam Houston Avenue, Odessa, Texas 79761 (the "Property"), more particularly described as:

> LOT 2 AND THE NORTH 10' OF LOT 1, BLOCK 3, REPLAT OF HIGHLAND PARK, AN ADDITION TO THE CITY OF ODESSA, ECTOR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT OR RECORD IN VOLUME 2, PAGE 152, PLAT RECORDS, ECTOR COUNTY, TEXAS.

*Id*. at 3. Plaintiff is the beneficiary of the Deed of Trust. *Id*. Defendant breached and has failed to cure his respective loan agreement obligations by failing to pay the scheduled monthly payments beginning on March 1, 2025, and all payments thereafter. *Id*. at 5. As of September 2, 2025, to pay off the loan in full, Defendant owes $120,858.04. *Id*. at 6.

Summons in this case were issued as to Defendant before the case was removed to this Court. (*See* Doc. 1). While the case was pending in state court, Plaintiff's Motion for Substitute Service was granted and Plaintiff was authorized to serve Defendant with process by leaving a true copy of the citation, and attached petition, with anyone over sixteen years of age at the location specified in the affidavit or by securely attaching a true and correct copy of the citation with attached petition to the front door at 2019 N Sam Houston Avenue, Odessa, Texas 79761. (Doc. 7 at 2). On January 8, 2026, Plaintiff filed executed summons as to Defendant. (Doc. 7). Plaintiff's proof of service shows Defendant was served by process server posting a copy of the citation on the front door of 2019 N Sam Houston Avenue, Odessa, Texas 79761, on September 23, 2025. *Id*. To date, Defendant has failed to answer Plaintiff's Complaint or otherwise make an appearance in this lawsuit. On January 20, 2026, Plaintiff filed a Motion for Clerk's Entry of Default. (Doc. 10). The next day, the Clerk of Court entered default against Defendant. (Doc. 11). On January 22, 2026, Plaintiff filed the instant Motion for Default Judgment. (Doc. 13).

Plaintiff seeks a judgment declaring that it may carry out a non-judicial foreclose on the Property.[3] *Id*. at 3. A hearing was held on the instant Motion for Default Judgment on March 26, 2026. (Doc. 17). Accordingly, this matter is now ripe for disposition.

## II.    LEGAL STANDARD

After entry of default and upon a motion by the plaintiff, Federal Rule of Civil Procedure 55 authorizes the Court to enter a default judgment against a defendant who fails to plead or otherwise defend the suit. FED. R. CIV. P. 55(b). However, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Accordingly, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Instead, the district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

In determining whether to enter a default judgment, courts utilize a three-part test. *See United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). First, courts consider whether the entry of default judgment is procedurally warranted. *Id*. The factors relevant to this inquiry include:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. Second, courts assess the substantive merits of the plaintiff's claims, determining whether the plaintiff set forth sufficient facts to establish his entitlement to relief.

---

3. Plaintiff's Complaint states it seeks a judicial foreclosure and, in the alternative, a non-judicial foreclosure. (Doc. 1-1). Plaintiff clarified at the hearing that it now seeks only a non-judicial foreclosure.

3

*See 1998 Freightliner*, 548 F. Supp. 2d at 384. In doing so, courts assume that, due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Third, courts determine what form of relief, if any, the plaintiff should receive in the case. *Id.*; *1998 Freightliner*, 548 F. Supp. 2d at 384. Generally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

### III.   DISCUSSION

Applying the three-part analysis detailed above, the Court finds Plaintiff is entitled to a default judgment against Defendant.

### A.   Default Judgment is Procedurally Warranted

In light of the six *Lindsey* factors enumerated above, the Court finds that default judgment is procedurally warranted. First, Defendant has not filed any responsive pleadings or otherwise appeared in this case. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, Defendant's total failure to respond has brought the adversarial process to a halt, effectively prejudicing Plaintiff's interests. *Lindsey*, 161 F.3d at 893. Third, the grounds for default are "clearly established" since over the course of this case, Defendant has not responded to the summons and Complaint, the Entry of Default, or Plaintiff's Motion for Default Judgment. *See J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) (finding default judgment is appropriate if defendants are totally unresponsive and the failure to respond is plainly willful, as reflected by

the parties' failure to respond either to the summons and complaint, the entry of default, or the motion for default judgment).

Fourth, there is no evidence before the Court indicating Defendant's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Defendant has had over six months to respond to Plaintiff's claims or otherwise appear in this matter. Consequently, any purported harshness of a default judgment is mitigated by Defendant's inaction for this lengthy time period. *United States v. Rod Riordan Inc.*, No. 17-CV-071, 2018 WL 2392559, at *3 (W.D. Tex. May 25, 2018)*.* Finally, the Court is not aware of any facts that give rise to "good cause" to set aside the default if challenged by Defendant. *Lindsey*, 161 F.3d at 893. Therefore, the Court finds default judgment is procedurally warranted under these circumstances.

### B.  Default Judgment is Substantively Warranted

Due to the entry of default, Defendant is deemed to have admitted the allegations outlined in Plaintiff's Complaint. *See Nishimatsu Constr.*, 515 F.2d at 1206. Even so, the Court must review the pleadings to determine whether Plaintiff pleaded a sufficient basis for its claims to relief. *See id*. Federal Rule of Civil Procedure 8 guides this analysis:

> Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (internal citations and footnote omitted) (alteration in original). This "low threshold" is less rigorous than that under Rule 12(b)(6). *Id*.

Here, Plaintiff's sole cause of action is a breach of contract claim. (Doc. 1-1 at 7). In Texas, a breach of contract claim requires: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Intern., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, LLC*, 51 S.W.3d 345, 351 (Tex. Ct. App.—Houston [1st. Dist.] 2001, reh'g overruled)). Here, on August 19, 2016, Defendant executed a Note promising to pay the sum of $132,554.00, with interest. (Doc. 1-1 at 5, 11). Plaintiff is the holder of the Note. *Id*. at 5. Defendant then executed a Deed of Trust to secure performance of the trustor's obligations under the Note; the Deed of Trust was assigned to Plaintiff on January 26, 2024. *Id*. at 5, 15–29, 33. Plaintiff performed completely under the terms of the Loan Agreement, but Defendant breached the terms by failing to tender payments. *Id*. at 7. Payments on the Note have gone unpaid since March 1, 2025, and the current unpaid balance owing is $120,858.04. *Id*. Defendant was given the opportunity to cure the default but failed to do so. *Id*. Defendant has directly and proximately caused damage to Plaintiff as the Note remains unpaid. *Id*. Thus, Plaintiff has stated a claim for breach of contract.

### C. Plaintiff's Right to Relief

As previously stated, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp.*, 605 F.2d at 857. On March 26, 2026, pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court held an evidentiary hearing covering the issue of remedy. (Doc. 17). Plaintiff seeks a

declaration allowing a non-judicial foreclosure of the Property due to Defendant's loan default. At the hearing, Plaintiff's counsel called Angelica Lee, an employee of U.S. Bank. Ms. Lee affirmed the authenticity of the Note and Deed of Trust and confirmed that Defendant is in default, owing $120,858.04.

### 1. Declaratory Relief

"When considering a declaratory judgment action, a district court must engage in a three-step inquiry." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). The three steps are determining (1) "whether an 'actual controversy' exists between the parties to the action"; (2) "whether [the Court] has the 'authority' to grant declaratory relief in the case presented"; and (3) "how to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Id*. (citations omitted).

The Court must first determine if an "actual controversy" exists. "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality' [exists] between parties having adverse legal interests." *Fid. & Guar. Life Ins. v. Unknown Tr. of Revocable Trust-8407*, No. 13-CV-412, 2014 WL 2091257, at *3 (W.D. Tex. May 16, 2014) (quoting *Orix Credit All.*, 212 F.3d at 896). Here, Plaintiff alleges Defendant has breached their agreement by failing to make payments on the Note. (Doc. 1-1 at 7). Thus, an actual controversy exists.

"Under the second element of the *Orix Credit Alliance* test, a district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in federal court; and (3) the district court is prohibited from enjoining the state proceedings under [28 U.S.C. §] 2283." *Fid. & Guar. Life Ins.*, 2014 WL 2091257, at *4

(quoting *Sherwin–Williams Co. v. Holmes County,* 343 F.3d 383, 388 n.1 (5th Cir. 2003) (citations omitted)). Here, nothing before the Court establishes the existence of a similar, parallel state court action relating to this cause. With no evidence of a similar pending state court action, the Court has the authority to grant declaratory relief pursuant to the guidelines set forth in *Orix Credit Alliance.*

Third and finally, the Court must determine whether to exercise or decline jurisdiction. The Fifth Circuit has stated that, when determining whether to exercise or decline jurisdiction over a declaratory judgment action, a district court should consider several important factors, particularly: (1) "whether a state action is pending in which all of the matters in controversy may be fully litigated"; (2) "whether the plaintiff filed the declaratory action suit in anticipation of a suit by the defendant"; (3) "whether the plaintiff engaged in forum shopping in bringing the suit"; (4) "whether possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums"; (5) "whether the federal court is convenient for the parties and witnesses"; (6) "whether retaining the case in federal court will serve judicial economy"; and (7) "whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." *Id.* (citing *Sherwin–Williams*, 343 F.3d at 388).

After reviewing the record, the Court holds these factors balance in favor of granting Plaintiff's requested declaratory judgment. As noted above, there is no evidence of a similar, parallel, state court action pending that is related to the instant case. There is no evidence that Plaintiff filed the action in anticipation of a suit, and there is no evidence that Plaintiff has engaged in forum shopping in bringing suit. Furthermore, fairness weighs in favor of granting default judgment, and a declaratory judgment resolving the question before the Court today

would further judicial efficiency. A declaratory judgment in this case will allow Plaintiff to enforce its lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement. This will foreclose a future suit from Defendant seeking to enforce his rights in the property.

### 2. Non-Judicial Foreclosure

"In determining whether a party is entitled to foreclose on a promissory note secured by real property, a federal court applies the substantive law of the forum state, in this case Texas." *U.S. Bank Nat'l Assoc. v. Vallejo*, No. 16-CV-00009, 2016 WL 4400314, at *4 (W.D. Tex. Aug. 16, 2016) (citing *Resolution Tr. Corp. v. Starkey*, 41 F.3d 1018, 1023 (5th Cir. 1995)). "Under Texas law, lenders have a substantive right to elect judicial or nonjudicial foreclosure in the event of a default . . . ." *Douglas v. NCNB Tex. Nat'l Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992). To obtain a foreclosure, Plaintiff is required to show "(1) the existence of a note secured by real property; (2) that some part of the note is due and unpaid; and (3) that the real property subject to the lien is the same property that it seeks to foreclose." *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 14-CV-2589, 2016 WL 2856006, at *3 (N.D. Tex. Apr. 18, 2016); *Rinard v. Bank of Am.*, 349 S.W.3d 148, 152 (Tex. App.—El Paso 2011, no pet); *Ocwen Loan Servicing LLP v. Smalley*, No. 14-CV-03039, 2015 WL 9873741, at *3 (N.D. Tex. Nov. 6, 2015); *Thomas v. Ocwen Loan Servicing, LLC*, No. 12-CV-447, 2013 WL 30653, at *5 (N.D. Tex. Jan. 3, 2013) (addressing the distinction between a foreclosure of a purchase money loan and a home equity lien). Because the Court finds Plaintiff sufficiently established it is the owner of the Note, part of the Note is due and unpaid, and the property subject to the lien is the same property it seeks to foreclose, Plaintiff can enforce its rights and properly elect to proceed with non-judicial foreclosure. (*See* Docs. 1-1; 13).

The relief awarded in "[a] default judgement must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Because Defendant has admitted all well-pleaded factual allegations in Plaintiff's Complaint as true, the Court concludes Plaintiff may foreclose on the Property. (Doc. 13 at 3).   Thus, the Plaintiff's request for a declaration that it may conduct a non-judicial foreclosure on the Property should be granted. (Doc. 13-1).

### IV.    RECOMMENDATION

For the aforementioned reasons, the Court **RECOMMENDS** Plaintiff's Motion for Default Judgment be **GRANTED**. (Doc. 13). Further, the Court **RECOMMENDS** a final judgment be entered against Defendant as follows:

It is **ORDERED**, **ADJUDGED**, and **DECREED** that the material allegations of the Petition be and are deemed admitted as to Defendant Danny Idom, Jr.

It is further **ORDERED**, **ADJUDGED** and **DECREED** that an event of default has occurred on that certain Note (Promissory Note), executed on or about August 19, 2016 (hereinafter "Note").

It is further **ORDERED**, **ADJUDGED** and **DECREED** that that certain Note dated August 19, 2016 in the principal sum of $132,554.00 with interest rate of 4.5000 percent per annum signed by Danny Idom, Jr. and recorded in the official public records of Ector, Texas, provides U.S. Bank – by way of a Corporate Assignment of Deed of Trust - as the mortgagee of the Deed of Trust, in the event of default on the obligations on the Note, with a first lien security interest on that certain real property commonly known as 2019 N. Sam Houston Avenue, Odessa, Texas, 79761, (hereinafter "Property") and is more precisely described as:

> LOT 2 AND THE NORTH 10' OF LOT 1, BLOCK 3, REPLAT
> OF HIGHLAND PARK, AN ADDITION TO THE CITY OF

ODESSA, ECTOR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT OF RECORD IN VOLUME 2, PAGE 152, PLAT RECORDS, ECTOR COUNTY, TEXAS.

It is further **ORDERED**, **ADJUDGED** and **DECREED** that the Deed of Trust secures the real property and improvements commonly known as 2019 N. Sam Houston Avenue, Odessa, Texas, 79761.

It is further **ORDERED**, **ADJUDGED** and **DECREED** that U.S. Bank is the mortgagee of the Deed of Trust.

It is further **ORDERED**, **ADJUDGED** and **DECREED** that due to event of default on the Note, U.S. Bank, or its successors or assigns, may enforce its Deed of Trust against the Property through non-judicial foreclosure of the Property as provided in the Deed of Trust and § 51.002 of the Texas Property Code.

It is further **ORDERED**, **ADJUDGED** and **DECREED** that U.S. Bank may further communicate with Defendants, and all third parties reasonably necessary to conduct the foreclosure sale.

It is further **ORDERED**, **ADJUDGED** and **DECREED** that all costs are to be taxed against Defendant Danny Idom, Jr.

It is further **ORDERED**, **ADJUDGED**, and **DECREED** that this is final judgment that disposes of all parties and claims, is appealable, and that all relief not expressly granted is denied.

SIGNED this 6th day of April, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

11

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

12